**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LUKE H.,

              Plaintiff,

     v.                                                                      3:19-CV-720
                                                                            (DJS)

ANDREW SAUL, _Commissioner of_
_Social Security_,

              Defendant.
_____

**APPEARANCES:**                                            **OF COUNSEL:**

LACHMAN & GORTON                                   PETER A. GORTON, ESQ.
Counsel for Plaintiff
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION      RAMI M. VANEGAS, ESQ.
Office of Regional General Counsel                   Special Assistant U.S. Attorney
Counsel for Defendant
J.F.K. Federal Building, Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Currently before the Court, in this Social Security action filed by Luke H. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  _See_ Dkt. No. 8 & General Order 18.

Commissioner") pursuant to 42 U.S.C. §§ 405(g), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13, 14, & 17. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **granted,** and Defendant's Motion for Judgment on the Pleadings is **denied**. The Commissioner's decision denying Plaintiff's disability benefits is **remanded** for further proceedings.

## I.  RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born in 1985. Dkt. No. 10, Admin. Tr. ("Tr."), p. 140. Plaintiff reported completing high school. Tr. at p. 142. Plaintiff has past work experience as a warehouse worker, dishwasher, and in the food service industry. Tr. at p. 189. Plaintiff alleges disability due to fibromyalgia, PTSD, depression, anxiety, schizotypal personality disorder, autistic spectrum disorder, and hypertension. Tr. at p. 180.

### B.  Procedural History

As relevant to the Complaint, Plaintiff applied for Supplemental Security Income on December 23, 2015. Tr. at pp. 14 & 263-271. He alleged a disability onset date of November 1, 2008, which was later amended to March 23, 2015. Tr. at pp. 14, 264, & 268. Plaintiff's application was initially denied in February 2016, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 178 & 208. Plaintiff appeared at a hearing before ALJ Mary J. Leary on March 19, 2018. Tr. at pp.

131-177. On June 11, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 14-27. On April 23, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia; obesity; and mental impairments variously diagnosed as anxiety disorder, depressive disorder, schizoid personality disorder, PTSD, and social anxiety disorder." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 18. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that he can:

> occasionally climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; and occasionally stoop and kneel. The claimant must avoid concentrated exposure to heat, extreme cold, vibration, and hazards such as dangerous machinery and unprotected heights. The person can tolerate occasional contact with co-workers and supervisors, but no contact with the general public, in a setting where the individual can complete tasks relatively independently and where social interaction would not be a primary job requirement.

Tr. at p. 19. Fifth, the ALJ found that Plaintiff could not perform his past relevant work. Tr. at p. 25. Sixth, the ALJ found that Plaintiff is classified as a younger individual, that he has a high school education, and that transferability of job skills was not material because under the Medical-Vocational Rules Plaintiff would be not disabled regardless of whether he had transferable skills. Tr. at p. 26. Finally, the ALJ found that there were jobs existing in significant numbers in the national economy which Plaintiff could perform. Tr. at pp. 26-27. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 27.

### D. The Parties' Briefing on Their Cross-Motions

Plaintiff raises four issues for consideration by the Court. *See generally* Dkt. No. 13, Pl.'s Mem. of Law. First, Plaintiff contends that the ALJ erred in finding that he would be able to maintain a regular schedule. *Id.* at pp. 10-13. Second, he argues that the ALJ erred by failing to explain the difference in treatment she identified for Plaintiff's ability to interact with various groups of people. *Id.* at p. 14. Third, Plaintiff objects to the ALJ's weighing of opinions in the record. *Id.* at pp. 15-19. Finally, Plaintiff alleges that based on these errors, the ALJ's Step Five determination was not supported by substantial evidence. *Id.* at p. 20.

In response, Defendant first contends that the RFC finding was supported by substantial evidence. Dkt. No. 14, Def.'s Mem. of Law at pp. 4-10. Second, Defendant maintains that there was no error in the ALJ's analysis of the medical opinions in

4

Plaintiff's case. *Id.* at pp. 10-14. Finally, Defendant submits that there was no error at Step Five. *Id.* at pp. 14-15.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his

> physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. The ALJ's Assessment of Plaintiff's Ability to Maintain a Schedule and Interact with Others

Plaintiff maintains that the ALJ erred in concluding that he could maintain a regular work schedule and in concluding that Plaintiff could interact with some groups of people but not others in the workplace. Pl.'s Mem. of Law at pp. 10-14. Both arguments relate directly to the ALJ's weighing of three medical opinions in the record.

7

For the reasons which follow, the Court concludes that the ALJ's analysis of these opinions warrants remand for further consideration.

### *1. Cherry Picking*

As noted, the ALJ gave partial weight to some portions of the opinions from Doctors Slowik and Moore, but only limited weight to others. Tr. at pp. 24-25. A review of the record, however, demonstrates that in doing so the ALJ impermissibly cherry-picked from the opinions. Cherry picking "refers to improperly crediting evidence that supports findings while ignoring conflicting evidence from the same source." *Dowling v. Comm'r of Soc. Sec.*, 2015 WL 5512408, at *11 (N.D.N.Y. Sept. 15, 2015). "'Cherry picked' decisions do not satisfy substantial evidence standards because reviewing courts cannot conclude, under such circumstances, that adverse findings were based on evidence reasonable minds might accept as adequate to support a conclusion." *Strange v. Comm'r of Soc. Sec.*, 2014 WL 4637093, at *9 (N.D.N.Y. Sept. 16, 2014). Several examples illustrate how cherry picking of the medical opinions here renders the weighing of their opinions erroneous.

Dr. Slowik found that Plaintiff's ability to relate to others was moderately to markedly limited. Tr. at p. 422. The ALJ found this opinion was entitled to only limited weight because it was not supported by Dr. Slowik's examination findings, including his intellectual functioning, coherent thoughts, ability to maintain eye contact, and his language skills. Tr. at pp. 24-25. It is not clear how those skills necessarily reflect on

Plaintiff's ability to interact with others. More importantly, the decision ignores Dr. Slowik's arguably more relevant findings that Plaintiff is unable to take public transportation due to anxiety and "socializes with his friends online only." Tr. at p. 421. While those findings do not necessarily mean that Plaintiff could not adequately relate to others, the failure to address them in the vocational context highlights the selective review of the record. This is especially true given that the ALJ references Plaintiff's online gaming activity elsewhere in her opinion as supportive of Plaintiff's ability to learn tasks and work independently. Tr. at p. 24.

The record demonstrates similar cherry picking of Dr. Moore's opinion. Dr. Moore found Plaintiff to have marked limitations in his ability to relate to others. Tr. at p. 504. The ALJ found this opinion vague and inconsistent with the record in part based on Plaintiff's appearance, intelligence, and memory. Tr. at p. 25. Here, too, however, the ALJ appears to have disregarded Dr. Moore's observations that Plaintiff's anxiety prevented him from being around others on public transportation, that he had friends only online, and "tries hard" to avoid going out shopping. Tr. at p. 503.

Similarly, the record demonstrates cherry picking with respect to the level of scrutiny the ALJ gave to the reasoning underlying the opinions of Doctors Moore and Slowik. Despite finding it vague, the ALJ gave partial weight to Dr. Moore's opinion that Plaintiff had "mild limitations in regard to learning new tasks and performing complex tasks independently." Tr. at pp. 24 & 503-504. Dr. Moore's conclusion that

Plaintiff had "marked limitations in regard to . . . making appropriate work decisions, and maintaining a regular work schedule," Tr. at p. 504, however, was given only limited weight because it was "vague, failing to provide specific limitations in vocationally relevant terms." Tr. at p. 25. The ALJ offered no explanation as to why the inability to make work decisions and maintain a regular work schedule were not vocationally relevant terms. As a result, the ALJ's "conclusory rationale is an insufficient basis for discounting medical opinions." *Demera v. Astrue*, 2013 WL 391006, at \*2 (E.D.N.Y. Jan. 24, 2013). Despite stating that "the finding of 'mild' limitations is vague" the ALJ nonetheless gave partial weight to Dr. Moore's conclusions finding mild limitations. Tr. at p. 25. In doing so, however, the ALJ gave no explanation as to why she afforded more weight to some "vague" opinions than others. This inconsistency also prevents the Court from making a complete assessment of the ALJ's decision. *Laureen P. v. Saul*, 2020 WL 1044012, at \*4 (N.D.N.Y. Mar. 4, 2020).

In addition, the ALJ appears to have rejected these opinions as impermissibly vague based on the use of the terms "moderate" and "marked." Tr. at pp. 24-25. "However, 'the mere use of phrases such as 'moderate' or 'mild' does not render a doctor's opinion vague or non-substantial for purposes of an ALJ's RFC determination.'" *Page v. Berryhill*, 2018 WL 2329457, at \*6 (W.D.N.Y. May 23, 2018)

(quoting *Dutcher v. Colvin*, 2014 WL 295776, at *5 (N.D.N.Y. Jan. 27, 2014)). "Instead, the determinative question is whether the conclusions were supported by examination results and the record as a whole." *Id.*

### 2. Failure to Provide Adequate Explanation

The ALJ found that Plaintiff could "tolerate occasional contact with co-workers and supervisors, but no contact with the general public." Tr. at p. 19.  Plaintiff objects that the ALJ erred by failing to explain why she treated Plaintiff's ability to interact with co-workers and supervisors differently than the general public.  Pl.'s Mem. of Law at p. 14.  While a distinction of this sort, when properly explained, may well be appropriate based on the evidence in the record, *see Campos v. Saul*, 2020 WL 1285113, at *21 (S.D.N.Y. Mar. 18, 2020), no such explanation was provided here.  In reaching this conclusion the ALJ appears to have relied on Plaintiff's stated ability to go shopping at Walmart and play video games online with groups.  Tr. at pp. 24-25.  While such evidence might support a limited degree of interaction between Plaintiff and others and thus support the conclusion that Plaintiff is able to maintain some level of contact with individuals in a workplace, it offers no guidance on why the particular restriction imposed by the ALJ - limiting that contact to a smaller group, potential co-workers, rather than the general public - was consistent with the record evidence.  Plaintiff's ability to shop in a store, for example, would suggest that Plaintiff may be able to function around a group larger than that articulated by the ALJ.  "The ALJ must build

11

an accurate and logical bridge from the evidence to [her] conclusion to enable a meaningful review." *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (internal quotations and citations omitted).  Without some explanation for the ALJ's limited view of Plaintiff's functional capacity, the Court is unable to properly assess the ALJ's RFC determination.  *Robert D. v. Comm'r of Soc. Sec.*, 2020 WL 2553260, at *7 (N.D.N.Y. May 20, 2020) ("The ALJ's explanation of the weight afforded to this opinion fails to give the Court a clear picture of her analysis").[1]

Accordingly, remand is required for a more detailed consideration of the medical opinions discussed above.

### B. The ALJ's Evaluation of Dr. Bhutwala's Opinion

Plaintiff also objects to the ALJ's decision to afford "significant weight" to the opinion of Dr. Bhutwala, a state agency analyst who did not examine Plaintiff.  Pl.'s Mem. of Law at pp. 15-19.  Plaintiff's primary objection to the weight accorded Dr. Bhutwala's opinion is based on the alleged failure to comply with a Program Operations Manual System ("POMS") directive for filling out evaluation forms.  Pl.'s Mem. of Law at pp. 15-18.  The parties dispute whether the POMS relied upon by Plaintiff in his arguments here is applicable to this case.  *Compare* Def.'s Mem. of Law at pp. 11-12

---

[1] Nor is it an answer to this question that by providing a more restrictive RFC than may have been necessary, any error in this regard is harmless. *Sontz v. Colvin*, 2016 WL 4444876, at *10 (N.D.N.Y. Aug. 23, 2016) (ALJ's failure to provide sufficient explanation was harmless).  The problem with such an argument is that while the ALJ's RFC may have been more restrictive than necessary, it is also true that it may have been more permissive than Plaintiff could in fact handle, if it is true that he was unable to interact with any individuals in the workplace.  Without more explanation, the Court simply cannot properly evaluate the distinction noted by the ALJ.

*with* Dkt. No. 17, Pl.'s Reply Mem. of Law at pp. 2-3. While the POMS have no legal effect, *Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999), the Court would expect the ALJ to comply with agency policy regarding evaluation of the medical evidence. As to this procedural point, however, the Court finds the record insufficient to evaluate the merits of the parties' submissions. The parties each refer to documentation, particular form numbers, for example, that are not specifically referenced in the record and other information not readily accessible in the record regarding the precise data entry methods used regarding Dr. Bhutwala's opinion. On remand, the ALJ should specifically identify the basis for assessing Dr. Bhutwala's opinion, including the assessment of Plaintiff's mental functioning.

### C. The ALJ's Step Five Analysis

Finally, Plaintiff maintains that as a result of the alleged errors addressed above, the ALJ's RFC determination was erroneous and that her determination at Step Five of the sequential analysis is also erroneous. Pl.'s Mem. of Law at p. 20. For the reasons set forth above, remand is required for re-examination of the medical opinions and Plaintiff's functional capacity. In light of that determination, the ALJ will necessarily need to make a new assessment at Step Five of the sequential analysis.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED** for further proceedings pursuant to sentence four of section 405; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties.

Dated: July 28, 2020
     Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge